GREMILLION, Judge,
dissents and assigns written reasons.
|, Louisiana Code of Criminal Procedure Article 821(E) provides that the appellate *1249 court can render a judgment of a lesser included responsive offense:
If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
Pursuant to La.R.S. 14:12:
Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
The majority properly concludes that there is no evidence of motive or prior arguing (i.e. no evidence of specific intent) between Defendant and the victim. That precludes a verdict of second degree murder, but not one of negligent homicide. There was no dispute at trial that Defendant pulled the trigger. In fact, defense counsel in his opening statement described how Defendant came into possession of the gun and that it discharged while in her possession. In closing, defense counsel repeatedly referred to Defendant’s shooting the victim as an “accident.”
Although it is well-settled that opening statements and closing arguments are not evidence, the record shows that the only issue presented to the jury was whether Defendant intentionally or accidentally shot the victim. While this posture |2explains the State’s lackluster presentation of evidence, it does not excuse it. Nevertheless, considering the evidence that the State did put forth, it proved beyond a reasonable doubt that Defendant was guilty of negligent homicide.
Although not in dispute at the trial level, Defendant now argues that the State failed in identifying her as the person who shot the victim. Admittedly, the State did not put on much evidence of how the shooting occurred. However, Defendant indicated in the 911 call that “It’s me” in response to the 911 operator’s question of whether the shooter was still at the scene. In addition, the gun was found on the bed near where the victim lay dead, corroborating her admission that she was the shooter. Accordingly, there is no doubt that Defendant shot the victim.
The only remaining issue is whether the State proved that Defendant was criminally negligent. The police found the victim shot from behind at close range. Pointing a loaded gun at the victim — even if the gun was accidentally discharged — exhibits a gross deviation below the standard of care expected from a reasonably careful person. Accordingly, I would find that the evidence is sufficient to convict of her the responsive verdict of negligent homicide.